UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE:<br><br>DELORES J. GAIKOSKI,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 7<br><br>CASE NO. 07-60444<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

This matter comes before the court *sua sponte*. Delores J. Gaikoski (hereinafter "Debtor") filed a chapter 7 petition on February 23, 2007. Debtor filed Official Form 1, Exhibit D with her petition. It was signed by Debtor and she marked the box stating that she received a briefing from a credit counseling agency approved by the United States trustee within the 180 days before the filing of the bankruptcy case and that a certificate of completion was attached to the petition. The certificate of completion was filed on February 23, 2007. The certificate filed by Debtor stated that she completed her credit counseling on July 24, 2006.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a credit briefing outlining the opportunities for credit counseling and assisting in performing a budget related analysis in the 180 days prior to filing the petition. The language of the statute is clear that this must be completed <u>before</u> filing the petition or the individual does not qualify to be a debtor. Similarly, the language of the statute is clear that the counseling does not qualify if taken <u>more</u> than 180 days prior to the bankruptcy filing.

The timing of this requirement is further amplified by the limited relief that is provided in the event of difficulty in obtaining the briefing. In the event of exigent circumstances, a debtor may defer this requirement, but this results in a specifically limited deferral and not a waiver. 11 U.S.C. § 109(h)(3).

The circumstances resulting in a waiver of the briefing requirement are limited. For instance, section 109(h)(2) excuses the requirement of a briefing if the debtor resides in a district in which there are no approved credit counseling agencies to provide the briefing.

That section is inapplicable in this district, however, as the United States Trustee has approved agencies to provide the required briefings in the Northern District of Ohio. There is a similarly limited exception for incapacity, disability, or active military duty in a combat zone. 11 U.S.C. § 109(h)(4). Incapacity and disability are defined to limit use of the exception. The military exception could not be much more narrowly construed, as it requires the debtor to be in a combat zone.

Debtor does not fulfill the requirements of 11 U.S.C. § 109(h) in this case. The certificate of completion is dated July 24, 2006, more than 180 days before the petition was filed. Therefore, Debtor would only be eligible for bankruptcy relief if she receives a waiver or limited deferral of the credit counseling requirement. The box on Official Form 1, Exhibit D requesting a waiver or limited deferral was not marked and no motion to waive or defer has been filed. As such, she is not eligible to be a debtor and the court must dismiss the case.

A separate order is issued herewith.

/s/ Russ Kendig
_____
Judge Russ Kendig
U.S. Bankruptcy Judge

MAR 16 2007

## Service List

Delores J. Gaikoski
4279 Foxhaven Ave. NW
Canton, OH 44718

Michael V. Demczyk
P.O. Box 867
12370 Cleveland Ave. NW
Uniontown, OH 44685

Debra Booher
One Cascade Plaza
1st Floor
Akron, OH 44308